UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

UNITED STATES OF AMERICA,

v.

MUSHTAK AL MOSAADI, and
OMRAN AL-KHAZRAJI,

Defendants.

———————————————————

18-CR-192 (JLS) (MJR)



## DECISION AND ORDER

Defendants Mushtak Al Mosaadi and Omran Al-Khazraji are charged by indictment with damaging and destroying a building used in interstate commerce by fire, as well as with conspiracy to do so. Dkt. 1. Al Mosaadi is also charged with three counts of mail fraud. *Id.*

On September 24, 2018, United States Magistrate Judge Michael J. Roemer was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 3. This case, originally assigned to United States District Judge Lawrence J. Vilardo, was reassigned to this Court on January 3, 2020. Dkt. 61.

On March 28, 2019, Al Mosaadi and Al-Khazraji filed omnibus discovery motions. Dkts. 36, 37. In addition, Al-Khazraji moved to suppress statements, suppress physical evidence that was obtained as the result of a search warrant, and dismiss the indictment. Dkts. 37, 68. The government responded in opposition to

1

Defendants' motions on April 12, 2019 (Dkts. 41, 42) and filed a supplemental response on May 14, 2019 (Dkt. 46).

On June 13, 2019, Al-Khazraji filed an affidavit of standing in support of his motion to suppress his statements to law enforcement.  Dkt. 48-1.  The government filed an additional affidavit on September 6, 2019.  Dkt. 53.  Following evidentiary hearings before Judge Roemer, the government and Al-Khazraji filed post-hearing briefs on June 15, 2020.  Dkts. 68, 69.

Judge Roemer issued a Report, Recommendation, and Order ("R&R") on August 10, 2020.  Dkt. 71.  He recommended that this Court deny Al-Khazraji's motions to suppress and to dismiss the indictment.  *Id.* at 7-24.  In addition, Judge Roemer decided Al Mosaadi's and Al-Khazraji's omnibus discovery motions.  *Id.* at 24-32.

Al Mosaadi objected on October 22, 2020.  Dkt. 74.  Al Mosaadi argues that Judge Roemer should have ordered disclosure of "material with regard to any purported cell site location expert" (*id.* at 2); that this Court should, in the Bill of Particulars context, "issue an order directing [] particularization" of certain aspects of the indictment (*id.* at 3); and that this Court should require Rule 404(b) disclosures with respect to both Defendants (*id.*).  The government responded on November 13, 2020.  Dkt. 79.

Al-Khazraji filed an untimely objection on October 26, 2020 (Dkts. 76, 77)—which, in large part, is repetitive of his previous submission (*see* Dkt. 68).  Al-Khazraji's objection concerns the subject written statement; the failure to preserve

the recorded statement; and the doctrine of completeness. *See generally* Dkt. 76. The government responded on November 13, 2020. Dkt. 78.

The government's responses to the objections are untimely. *See* Dkt. 77; *see also* Dkt. 78, at 2, n.2 (requesting that the Court consider the government's response, which was untimely due to an oversight).

Regarding the referral of dispositive matters, a district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *Id.* As for non-dispositive matters, a district court must consider timely objections to a magistrate judge's order and modify or set aside any part of the order that is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(a). Here, Al-Khazraji's motions to suppress and to dismiss the indictment are dispositive. Defendants' discovery motions are non-dispositive.

Notwithstanding any untimeliness, this Court has carefully reviewed the thorough R&R, the record in this case, the objections and responses, and the materials submitted by the parties. Based on a *de novo* review, the Court accepts and adopts Judge Roemer's recommendation to deny Al-Khazraji's motions to suppress and to dismiss the indictment.

In addition, after reviewing Judge Roemer's R&R and the relevant material, the Court is unable to conclude that Judge Roemer's decision regarding the omnibus discovery motions was clearly erroneous or contrary to the law. *See* Fed. R. Crim. P.

59(a). Thus, for the reasons stated above and in the R&R, this Court affirms Judge Roemer's order.

## CONCLUSION

For the reasons stated above and in the R&R, the Court DENIES Al-Khazraji's motions to suppress and to dismiss the indictment (Dkt. 37, 68). The Court AFFIRMS Judge Roemer's order as to Defendants' discovery demands.

The parties shall appear before this Court on November 24, 2020, at 1:00 p.m. for a status conference to set a trial date.

SO ORDERED.

Dated:   November 19, 2020
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE